IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| ESAW LAMPKIN | § | |
|---|---|---|
| v. | § | CIVIL ACTION NO. 6:16cv1028 |
| DIRECTOR, TDCJ-CID | § | |

**MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT**

The Petitioner Esaw Lampkin, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of his conviction. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I. Background**

Lampkin was convicted of driving while intoxicated, third or more, on January 30, 2014. He originally received a 99-year sentence. On August 11, 2015, the Sixth Judicial District Court of Appeals upheld Lampkin's conviction but overturned his sentence and remanded for a new trial on punishment only. *See Lampkin v. State*, 470 S.W.3d 876, 926 (Tex.App.-Texarkana 2015, rehearing overruled, discretionary review refused).

Lampkin was re-sentenced to 35 years in prison on August 25, 2016. Prior to his re-sentencing, he filed two state habeas corpus applications. The first of these was dismissed by the Texas Court of Criminal Appeals on January 27, 2016, because Lampkin's conviction was not yet final. The second was dismissed by the Court of Criminal Appeals on May 18, 2016. Lampkin signed his federal habeas corpus petition on July 12, 2016, and his amended petition is postmarked July 26, 2016.

1

## II. Lampkin's Petition and Amended Petition

Lampkin's original petition raised nine grounds for relief, including the following: (1) lab technician Karen Reams testified that the machine which read the blood alcohol results was having major problems or was improperly calibrated, meaning the reading of .111 was false; (2) trooper Bobby Dean violated Lampkin's rights by taking the blood sample more than two hours after his arrest; (3) the warrant for the blood sample was invalid because it was improperly signed and there was no transcript of the conversation between the trooper and the magistrate; (4) Lampkin was not read his Miranda rights prior to being questioned; (5) the field sobriety tests were incomplete; (6) Lampkin was mentally unstable while being questioned; (7) Lampkin did not consent to the blood draw; (8) the blood draw was improper because there had not been an accident and no one was injured; and (9) the blood sample was insufficient because "there was no evidence by a retrograde extrapolation that the results of the B.A.C. [blood alcohol concentration] test showed at time of offense nor indicate loss of normal physical faculties at the time."

In his amended petition, Lampkin raised 10 additional grounds for relief, including: (10) Reams testified that there were major problems with the test results; (11) the blood sample was taken two hours and 19 minutes later, in violation of Texas law; (12) as a result, it was reversible error for the court to admit the blood test; (13) Ream did not testify that the blood alcohol level she derived was Lampkin's blood alcohol level at the time of the offense; (14) the blood alcohol evidence had no probative value to show he was intoxicated at the time of the offense; (15) Dean left the blood alcohol sample in his car for weeks before it was tested, amounting to tampering with the sample and causing it to give an improper reading; (16) Lampkin was actually innocent because he was not intoxicated at the time he was stopped; (17) the trial court erred by denying Lampkin's motion to suppress; (18) the failure to exclude the blood sample was harmful error; and (19) counsel was ineffective for failing to investigate Lampkin's mental health.

**III. The Respondent's Answer and Lampkin's Reply**

The Respondent argues that Lampkin's petition should be dismissed without prejudice for failure to exhaust state remedies, contending that a number of Lampkin's claims have not been raised in state court. Lampkin maintains in reply that he properly exhausted his claims, but the Texas Court of Criminal Appeals failed to consider his claims on the merits. He asserts his entitlement to an evidentiary hearing.

**IV. The Report of the Magistrate Judge**

The Magistrate Judge's Report first traced the history of Lampkin's direct appeal and collateral proceedings. Lampkin's petition for discretionary review raised six grounds for relief, approximately corresponding to grounds 14 through 19 as set out above. The Magistrate Judge determined that Lampkin's state habeas corpus petitions did not serve to exhaust state remedies because they were not properly filed and were dismissed, meaning the Texas Court of Criminal Appeals did not consider the claims on the merits but disposed of them on procedural grounds.

Because only those six claims raised in the petition for discretionary review could be considered exhausted, the Magistrate Judge stated that Lampkin's federal habeas corpus petition was a "mixed petition," containing both exhausted and unexhausted claims. The Supreme Court has held that such mixed petitions should be dismissed without prejudice. *Piller v. Ford*, 542 U.S. 225, 227, 124 S.Ct. 2441, 159 L.Ed.2d 338 (2004).

The Magistrate Judge went on to acknowledge that dismissal of a mixed petition, even without prejudice, could result in a later petition being barred by the statute of limitations. As a result, federal courts are authorized to stay habeas petitions and hold them in abeyance under limited circumstances. Specifically, a stay may be granted where the district court finds that the petitioner has good cause for his failure to exhaust state remedies, the claims are not patently meritless, and the petitioner has not engaged in intentional delay. *Rhines v. Webber*, 544 U.S. 269, 277-78, 125 S.Ct. 1528, 161 L.Ed.2d 440 (2005); *Schillereff v. Quarterman*, 304 F.App'x 310, 2008 U.S. App. LEXIS 26219, 2008 WL 5381414 (5th Cir., December 23, 2008).

Although Lampkin filed a motion asking for a stay, the Magistrate Judge determined that a stay was not appropriate because Lampkin has not shown good cause for failure to exhaust his state remedies. He filed his state habeas corpus applications prior to his conviction becoming final and has presented no reason why he could not have re-filed these applications after his conviction became final. Lampkin was re-sentenced in August of 2016, meaning his limitations period has not yet expired and he still has time to toll this period through a properly filed state habeas application. The Magistrate Judge therefore recommended that Lampkin's petition be dismissed without prejudice for failure to exhaust state remedies.

**V. Lampkin's Objections to the Report**

In his objections, Lampkin asserts that the Court showed prejudice, bias, and unfairness by not considering his claims on the merits and by not ordering that he receive either a fair trial or an evidentiary hearing. He also maintains that he is entitled to an order of abeyance because he has not engaged in intentional delay and his claims are not procedurally barred.

Lampkin asserts in conclusory fashion that all 19 of his claims have been exhausted, but offers nothing to controvert the Magistrate Judge's conclusion that only the six claims contained in Lampkin's petition for discretionary review have been properly exhausted. The Magistrate Judge correctly determined that Lampkin's state habeas applications, which were filed before his conviction became final, were not properly filed and thus did not serve to exhaust his state remedies. *Larry v. Dretke*, 361 F.3d 890, 894 (5th Cir. 2000) (state habeas application which was filed before the applicant's conviction became final was not "properly filed" because the Texas Court of Criminal Appeals lacks jurisdiction to consider a state habeas application until the felony judgment from which relief is sought has become final). Because Lampkin has presented a mixed petition consisting of exhausted and unexhausted claims, the Magistrate Judge correctly determined that dismissal without prejudice was appropriate. *Piller*, 542 U.S. at 227. This objection is without merit.

Lampkin also argues that he is entitled to an order of abeyance because he has not engaged in intentional delay. The Magistrate Judge did not conclude that Lampkin engaged in intentional delay but rather that Lampkin was not entitled to an order of abeyance because he did not show good cause for his failure to exhaust administrative remedies. Lampkin did not object to this determination, and in any event a review of the record shows that the Magistrate Judge was correct. Lampkin was re-sentenced in August of 2016 and he offers no reason to show why he could not have re-filed his earlier state habeas corpus applications, or a new application, after his conviction became final. Because Lampkin has not shown good cause for his failure to exhaust state remedies, he has not met the first prong of the *Rhines* test and thus has not shown he is entitled to a stay or abeyance of his petition. Lampkin's objections are without merit.

## VI. Conclusion

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Plaintiff objected. *See* 28 U.S.C. §636(b)(1) (District Judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.") Upon such *de novo* review, the Court has determined that the Report of the Magistrate Judge is correct and the Plaintiff's objections are without merit. It is accordingly

**ORDERED** that the Petitioner's objections are overruled and the Report of the Magistrate Judge (docket no. 16) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the above-styled application for the writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies. It is further

**ORDERED** that the Petitioner Esaw Lampkin is **DENIED** a certificate of appealability *sua sponte* and the Petitioner's motion for a certificate of appealability (docket no. 34) is **DENIED**. It is further

5

**ORDERED** that the Petitioner's motion for leave to appeal (docket no. 36) is premature insofar as it might be construed as a notice of appeal because it was filed before the judgment was announced or entered. *See* Fed. R. App. P. 4(a)(1)(A), 4(a)(2). As such, this motion is **DENIED** without prejudice to Lampkin's right to file a timely notice of appeal after the entry of final judgment. Finally, it is

**ORDERED** that any and all other motions which may be pending in this action are hereby **DENIED.**

So **ORDERED** and **SIGNED** this **14** day of **May, 2017.**

_____
Ron Clark, United States District Judge