IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| ESAW LAMPKIN | § | |
| v. | § | CIVIL ACTION NO. 6:16cv1028 |
| DIRECTOR, TDCJ-CID | § | |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND DENYING MOTIONS FOR RELIEF FROM JUDGMENT

The Petitioner Esaw Lampkin, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of his conviction. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

## I. Background

Lampkin was convicted of driving while intoxicated, third or more, on January 30, 2014. He originally received a sentence of 99 years in prison. On August 11, 2015, the Sixth Judicial District Court of Appeals overturned the sentence and remanded for a new trial on punishment only. *Lampkin v. State*, 470 S.W.3d 876, 926 (Tex.App.-Texarkana 2015, rehearing overruled, discretionary review refused). Lampkin was re-sentenced to 35 years in prison on August 25, 2016. His federal habeas corpus petition was dismissed without prejudice for failure to exhaust state remedies on May 14, 2017.

## II. The Motion to Alter or Amend the Judgment and the Magistrate Judge's Report

Lampkin filed motions to alter or amend the judgment on May 22 and May 24, 2017. In these motions, he argued that, he properly exhausted his state remedies, he should have been given an evidentiary hearing, and his claims should have been stayed and held in abeyance. He further

1

contended that his claims were denied with a written order and that his Fourth Amendment rights were violated because the search warrant was false.

The Magistrate Judge issued a Report recommending that Lampkin's motion to alter or amend the judgment be denied. The Magistrate Judge observed that Lampkin's first two state habeas applications were dismissed, meaning that the Texas Court of Criminal Appeals declined to consider the claims for reasons unrelated to the merits. Because these applications were filed before Lampkin's conviction became final, the Magistrate Judge concluded that they did not serve to exhaust his state remedies, citing *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999). As a result, the Magistrate Judge stated that Lampkin failed to show error in the determination that his federal petition presented both exhausted and unexhausted claims and was therefore subject to dismissal as a mixed petition. *Pliler v. Ford*, 542 U.S. 225, 227, 124 S.Ct. 2441, 159 L.Ed.2d 338 (2004).

The Magistrate Judge also concluded that Lampkin failed to show that his petition should be stayed and held in abeyance. *See Rhines v. Webber*, 544 U.S. 269, 277-78, 125 S.Ct. 1528, 161 L.Ed.2d 440 (2005). Because Lampkin did not demonstrate an intervening change in controlling law, newly discovered evidence which was previously unavailable, or a manifest error of law or fact, the Magistrate Judge recommended that the motion to alter or amend the judgment be denied.

### III. Lampkin's Objections

In his objections to the Report, Lampkin asserts that while his petition presented both exhausted and unexhausted claims, the Magistrate Judge abused his discretion in dismissing those claims which were properly exhausted. He contends that the state courts' failure to address all of his claims was biased and prejudiced and that he met the criteria for relief under Fed. R. Civ. P. 59 because there has been an intervening change in controlling law, he presents newly discovered evidence which was previously unavailable, and a correction of a manifest error of law is necessary. Lampkin goes on to argue the merits of his claims, maintaining that the search warrant was false and unreasonable, his blood was forcibly drawn without his consent, the trial court erred in denying the

motion to suppress the results of the blood draw, and structural errors so infected his trial as to render it fundamentally unfair.

## IV. Discussion

The Supreme Court has held that mixed petitions, containing both exhausted and unexhausted claims, should generally be dismissed without prejudice. *Rose v. Lundy*, 455 U.S. 509, 518-19 (1982). Because of the operation of the statute of limitations, the Supreme Court has further explained that in limited circumstances, for good cause shown, stay and abeyance is available to allow the petitioner to return to state court to exhaust his previously unexhausted claims. *Rhines*, 544 U.S. at 275-77. Stay and abeyance is only appropriate where there is (1) good cause for the failure to exhaust; (2) the unexhausted claims are potentially meritorious; and (3) there is no indication that the petitioner engaged in intentionally dilatory tactics. *Id.* at 277-78.

The record shows and Lampkin acknowledges that he has presented a mixed petition. Those six claims which he presented in his petition for discretionary review have been exhausted, while his remaining 13 claims have not. Lampkin has not shown that his petition should be stayed or held in abeyance because he has not shown good cause for his failure to exhaust, nor has he demonstrated that the unexhausted claims are potentially meritorious.

Although Lampkin argues that he has met the criteria for relief under Fed. R. Civ. P. 59 because there has been an intervening change in controlling law, he presents newly discovered evidence which was previously unavailable, and a correction of a manifest error of law is necessary, he presents only conclusory allegations to support this claim. He does not point to any intervening change in controlling law or cite any newly discovered evidence, nor does he show a manifest error of law or that he is entitled to an evidentiary hearing. Lampkin has not shown that the Magistrate Judge erred in recommending denial of his motion to alter or amend the judgment and his objections are without merit.

## V. Conclusion

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which objection was made. *See* 28 U.S.C. §636(b)(1) (District Judge shall "make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made.") Upon such *de novo* review, the Court has determined that the Report of the Magistrate Judge is correct and the Petitioner's objections are without merit. It is accordingly

**ORDERED** that the Petitioner's objections are overruled and the Report of the Magistrate Judge (docket no. 42) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the Petitioner's motions to alter or amend the judgment (docket no.'s 39 and 40) are **DENIED.**

**So Ordered and Signed**
**Sep 15, 2017**

_____
Ron Clark, United States District Judge

4